## UNITED STATES DISTRICT COURT
## FIRST DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FERNANDO CATALAN-AGUILAR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> R3 EDUCATION, INC dba MEDICAL ) <br> UNIVERSITY OF THE AMERICAS, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: |

### VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff, FERNANDO CATALAN-AGUILAR (hereinafter referred to as "Plaintiff"), by and through his attorney of record hereby brings this action and alleges against the above-named Defendants, and each of them, based upon knowledge, information and a reasonable belief derived therefrom, as follows:

### PARTIES

1. Plaintiff, FERNANDO CATALAN-AGUILAR, is a citizen of the State of Texas who resides at 507 Cobble Drive, San Antonio, Texas, and at all relevant times, was a student at Medical University of the Americas.

2. Defendant R3 EDUCATION INC. is a Delaware Corporation with its principal place of business in the State of Massachusetts. R3 EDUCATION INC. wholly owns and operates the Medical University of the Americas (hereinafter "MUA"), a private, for-profit university. MUA transacts business in Massachusetts and whose agent for service of process is Corporation Service Company, 54 State St., Boston, MA 02110.

## JURISDICTION AND VENUE

3.     Jurisdiction is invoked pursuant to 28 U.S.C. § 1332 (diversity) because the amount in controversy exceeds $75,000.00 and the parties are diverse in citizenship.

4.     Venue in this jurisdiction is proper pursuant to 28 U.S.C. § 1391, in that the Defendants or their agents, or certain of them, reside or may be found here, a substantial part of the events giving rise to Plaintiff's claims occurred here, and the Defendants transact business here.

## FACTS

5.     Plaintiff was a student at MUA in the M.D. program. During his time at MUA, Plaintiff completed the vast majority of the M.D. curriculum, including two years of basic science, 72 weeks of clinical practice, Plaintiff successfully passed the USMLE Step 1 examination and the USMLE Step 2 examination - clinical science (CS) portion. The only remaining requirement Plaintiff had to complete the M.D. program was to successfully pass the USMLE Step 2 examination - clinical knowledge (CK) portion.

6.     In September 2011, Plaintiff took the USMLE Step 2 CK examination the first and only time and did not pass the examination. Per the MUA Catalog, a student may be dismissed from the medical program for "multiple USMLE failures."

7.     Plaintiff completed the required 72 weeks of clinical practice on October 14, 2011.

8.     Plaintiff then focused on passing the USMLE Step 2 CS examination, which he passed in February, 2012.

9.     In August, 2012, Plaintiff applied to retake the USMLE Step 2 CK examination. MUA Deans denied Plaintiff's request to retake the examination and insisted that Plaintiff implement and complete a comprehensive study plan prior to retaking the examination. This study plan included taking practice examinations, signing up for question banks, and enrolling in the

Falcon professional review course, all at great out-of-pocket cost to Plaintiff. Plaintiff completed all of the requirements placed upon him by the MUA Deans in order to retake the USMLE Step 2 CK examination.

10. In August 2013, Dean Tamara Tilleman, requested that Plaintiff submit a written study plan USMLE Step 2 CK examination. She stated that upon her approval of the plan and Plaintiff's completion of the study plan, he would be permitted to retake the Step 2 CK examination. Plaintiff did submit a study plan, which Dean Tilleman approved.

11. Shortly thereafter, Plaintiff completed the approved study plan and submitted to Dean Tilleman the results of two practice USMLE Step 2 CK practice exams. Plaintiff took the practice exams on October 2, 2013 and October 7, 2013 and received passing scores. Both scores were submitted to Dean Tilleman on the dates Plaintiff completed the practice examinations.

12. Then, without any warning, and to Plaintiff's complete shock and surprise, he received a letter from Dean Gordon Green stating that he was dismissed from the medical school for "not pass[ing] the USMLE Step II examinations within three attempts and/or 12 months of completion of your clinical rotations."

13. Prior to being dismissed from the university, Plaintiff was never notified that he was being considered for dismissal or in violation of any university policy. He was not permitted to present any information regarding any allegations made against that could subject him to dismissal nor was he ever informed of any allegations against him that could subject him to dismissal from the medical school.

14. Plaintiff immediately submitted a statement to Dean Green informing him of the completion of his approved study plan from August, 2013 and that had recently passed two practice examinations.

15.     Dean Green ignored Plaintiff's statement and completely disregarded the August 2013 agreement with MUA that he would be permitted to retake the practice examination upon the successful completion of his study plan.

16.     Despite the fact that no written MUA policy exists that required Plaintiff to pass the USMLE Step II examination within 12 months of completion of his clinical rotations, he was dismissed from medical school on that basis, thus making Defendants' decision arbitrary and capricious.

17.     Even if an MUA policy exists that required Plaintiff to pass the USMLE Step II examination within 12 months of completion of his clinical rotations, the university agreed to waive that provision because MUA agreed to allow Plaintiff to complete a study plan and to retake the examination well beyond 12 months after he completed his clinical rotations, thus making Defendants' decision arbitrary and capricious and in breach of its agreement with Plaintiff.

18.     As a result of Defendants' arbitrary and capricious decision, Plaintiff was removed from the medical school, forever tarnishing his educational transcript and record, as well as causing severe psychological and physical injuries, all in violation of the MUA Catalog.

19.     As a result of Defendants' arbitrary, capricious, and unlawful actions, Plaintiff has been prevented from taking the USMLE Step II CK examination at MUA, thus halting and destroying his ability to ever enter the medical profession as a medical doctor.

## COUNT ONE

### *BREACH OF CONTRACT*

20.     Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

21. By admitting Plaintiff and accepting his tuition, Plaintiff has an express and implied contract with Defendant, R3 Education, Inc., in connection with rights explicitly guaranteed by MUA pursuant to the MUA Catalog.

22. Plaintiff also has an express contract with Defendant, R3 Education, Inc., pursuant to the parties' agreement in August 2013 to allow Plaintiff to complete a study plan and to retake the USMLE Step II CK examination.

23. The actions of Defendant constitute a material and substantial breach of the express and implied contract by:

(a) arbitrarily and capriciously removing Plaintiff from the medical school in October 2013, without any rational basis and in bad faith and contrary to any provisions set forth in the MUA Catalog;

(b) removing Plaintiff from the medical school and refusing to allow him to retake the USMLE Step II CK examination in October 2013, despite the university's prior agreement.

24. At all times relevant, Plaintiff abided by and governed his conduct by the terms of the aforementioned contracts. Plaintiff drafted and MUA approved his study plan. Plaintiff completed the study plan and submitted two passing USMLE Step II CK practice examination scores to the university. The university was then obligated to hold up its end of the agreement and allow Plaintiff to retake the USMLE Step II CK examination. Instead, MUA unilaterally removed Plaintiff from medical school without warning or opportunity to be heard.

25. As a direct and proximate result of Defendant's actions, Plaintiff has lost the difference in value over a lifetime of earnings expected to be earned by a physician graduated from MUA and a person without a M.D.

26. As a direct and proximate result of Defendant's actions, Plaintiff has lost a year or more of his career and tuition he paid to MUA.

27. As a result of the breach committed against the Plaintiff, he has suffered loss, damage and detriment including incidental and consequential damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

28. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## COUNT TWO

### *BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING*

29. Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

30. The aforementioned contracts between the parties each contained an implied covenant of good faith and fair dealing, which precludes the Defendant from evading the spirit of the contract, willfully rendering imperfect performance, refraining from interference with Plaintiff's ability to benefit from its terms, acting in contravention of Plaintiff's reasonable expectations, failing to abide by the standards and policies promulgated by the Defendant, or otherwise acting in an arbitrary and capricious manner with respect to Plaintiff.

31. The Defendant breached this implied covenant of good faith and fair dealing by making it impossible for the Plaintiff to realize the benefit of his contract and by permitting its agents to act in bad faith and in a manner which interfered with Plaintiff's contractual expectations.

32. As a result of the breach of the covenant of good faith and fair dealing committed against the Plaintiff, he has suffered loss, damage and detriment including incidental and

31. The Defendant breached this implied covenant of good faith and fair dealing by making it impossible for the Plaintiff to realize the benefit of his contract and by permitting its agents to act in bad faith and in a manner which interfered with Plaintiff's contractual expectations.

32. As a result of the breach of the covenant of good faith and fair dealing committed against the Plaintiff, he has suffered loss, damage and detriment including incidental and consequential damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

33. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter judgment in Plaintiff's favor, and against the Defendant for (1) an injunction requiring MUA to reinstate Plaintiff into the M.D. program and allow him to retake the USMLE Step II CK examination and remove any negative notations and his unlawful dismissal from his transcript and (2) for compensatory damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00); (3) for punitive damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00); (4) for the costs and disbursements of this action, for interest, and such other attorney's fees and further relief as justice requires.

/s/ Melody A. Alger
Melody A. Alger, Esquire ##560984
ALGER LAW LLC
400 Westminster Street, Suite 401
Providence, RI 02903
(401) 277-1090
(401) 277-1094-Fax
malger@algerlaw.com

Dated: June 23, 2014

## VERIFICATION

As to those allegations of fact not qualified by the phrase "upon information and belief" or otherwise, I do solemnly declare and affirm under penalties of perjury that the contents of the foregoing Verified Complaint are true and accurate to the best of my knowledge.

/Fernando Catalan-Aguilar
Dated this 18th day of June, 2014

## JURY DEMAND

The Plaintiff, FERNANDO CATALAN-AGUILAR, respectfully prays a trial by jury on all issues so triable.

Respectfully submitted this 20th day of June, 2014

/s/ Melody A. Alger
Melody A. Alger