UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

FERNANDO CATALAN-AGUILAR

       Plaintiff,

  v.

R3 EDUCATION, INC. dba MEDICAL
UNIVERSITY OF THE AMERICAS,

       Defendant.

JURY TRIAL DEMANDED

Civil Action No. 1:14-cv-12607-GAO

**ANSWER AND JURY DEMAND**

    The defendant R3 Education, Inc. ("R3") answers the correspondingly numbered paragraphs of the complaint as follows.

    1.    R3 admits that Plaintiff was a student at Medical University of the Americas ("MUA"). R3 lacks information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

    2.    Admitted.

**Jurisdiction and Venue**

    3.    R3 does not contest the Court's subject matter jurisdiction.

    4.    R3 does not contest venue in this district.

**Facts**

    5.    R3 admits that Plaintiff completed his basic science curriculum at MUA, completed 72 weeks of clinical rotations and passed the United States Medical Licensing Examination ("USMLE") Step 1 and Step 2 CS examinations. R3 denies any remaining

allegations of this paragraph.

6. R3 admits that Plaintiff failed the USMLE Step 2 CK exam at least once and that, in accordance with the MUA Catalog, a student may be dismissed from MUA's program for, among other reasons, multiple USMLE failures. R3 denies any remaining allegations of this paragraph.

7. R3 admits that Plaintiff completed 72 weeks of clinical rotations on or about October 13, 2011.

8. R3 admits that Plaintiff passed the USMLE Step 2 CS exam. R3 otherwise lacks information sufficient to form a belief as to the truth of the allegations of this paragraph.

9. R3 admits that it denied Plaintiff's request to be approved to retake the USMLE Step 2 CK exam unless he successfully and timely completed a study plan including practice examinations, question banks, and a professional review course. R3 denies any remaining allegations of this paragraph.

10. R3 admits that in August 2013 Dean Tamara Tilleman requested that Plaintiff submit a written study plan for re-taking the USMLE Step 2 CK exam, the successful and timely completion of which would enable him to re-take the exam; that Plaintiff submitted such a plan; and that Dean Tilleman approved it. R3 denies any remaining allegations of this paragraph.

11. R3 lacks information sufficient to form a belief as to the truth of the allegations that Plaintiff submitted test results on the dates he completed the practice examinations. R3 admits that Plaintiff sent purported test results of two practice exams on or about October 3, 2013 and October 7, 2013. R3 denies that these purported test results credibly demonstrated passing scores and denies any remaining allegations of this paragraph.

12. R3 admits that Dean Gordon Green sent a letter to Plaintiff informing him that he

had been dismissed from MUA for failing to pass the USMLE Step 2 examinations within three attempts and within 12 months of the completion of his clinical rotations.  R3 denies any remaining allegations of this paragraph.

      13.     Denied.

      14.     R3 admits that Plaintiff submitted information to Dean Gordon Green, but denies that Plaintiff submitted credible evidence of passing scores on the practice examinations and denies any remaining allegations of this paragraph.

      15.     Denied.

      16.     Denied.

      17.     Denied.

      18.     Denied.

      19.     Denied.

**Count One**
**(Breach of Contract)**

      20.     R3 repeats and incorporates by reference its responses contained in the paragraphs above.

      21.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required.  R3 admits that it had a contractual relationship with Plaintiff, the terms of which are informed by the provisions of the MUA Catalog and other policies.

      22.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required.  R3 admits that Plaintiff was required to timely and successfully complete an approved study plan before MUA would approve him to retake the USMLE Step 2 CK exam.  R3 denies any remaining allegations of this paragraph.

      23.     Denied.

24. R3 admits that Plaintiff submitted a study plan, which R3 approved. R3 denies any remaining allegations of this paragraph.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## Count Two
### (Breach of the Covenant of Good Faith and Fair Dealing)

29. R3 repeats and incorporates by reference its responses contained in the paragraphs above.

30. The allegations of this paragraph consist of conclusions of law, to which no response is required. R3 denies any remaining allegations of this paragraph.

31. To the extent the allegations of this paragraph consist of conclusions of law, no response is required. R3 denies any remaining allegations of this paragraph.

32. Denied.

33. Denied.

## Affirmative Defenses

1. Plaintiff's complaint fails to state a claim upon which relief can be granted because R3's alleged actions were neither arbitrary nor capricious but rather were a proper exercise of its educational responsibility and did not breach any contractual obligation between the parties.

2. Plaintiff's complaint fails to state a claim upon which relief can be granted because Plaintiff did not perform in accordance with his contractual obligations.

3. Plaintiff's complaint fails to state a claim for breach of the implied covenant of

good faith and fair dealing because R3 did not act in bad faith or to deprive Plaintiff of the fruits any contract between the parties.

## JURY DEMAND

R3 demands a trial by jury on all claims so triable.

Dated: October 3, 2014                R3 EDUCATION, INC.

/s/ Joseph D. Rutkowski
Daryl J. Lapp (BBO # 554980)
Joseph D. Rutkowski (BBO # 681997)
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, MA 02199-7613
(617) 239-0100
(617) 227-4420 (fax)
dlapp@edwardswildman.com
jrutkowski@edwardswildman.com

**CERTIFICATE OF SERVICE PURSUANT TO LOCAL RULE 5.2(b)**

I, Joseph D. Rutkowski, hereby certify that this document filed through the ECF system will be sent electronically to all counsel of record as registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on this 3rd day of October, 2014.

/s/ Joseph D. Rutkowski
Joseph D. Rutkowski (BBO # 681997)