UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FERNANDO CATALAN-AGUILAR<br><br>          Plaintiff,<br><br>     v.<br><br>R3 EDUCATION, INC. dba MEDICAL UNIVERSITY OF THE AMERICAS,<br><br>          Defendant. | Civil Action No. 1:14-cv-12607-GAO |

**REPLY MEMORANDUM IN SUPPORT OF R3 EDUCATION, INC.'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendant R3 Education, Inc. ("R3") submits this reply memorandum in support of its motion for summary judgment.

In his opposition to R3's motion for summary judgment, Plaintiff concedes that MUA adopted a policy that students must pass the USMLE Step 2 examinations within 12 months of completing their clinical examinations or they will be subject to dismissal, and that he failed to pass the Step 2 exams within that time. Opp. at 4. Plaintiff contends that MUA improperly dismissed him without allowing him to retake the Step 2 CK exam because he purportedly satisfied the requirements of the academic plan that he worked out with Dean Tilleman. Opp. at 2, 5. Specifically, Plaintiff contends that Dean Tilleman initially promised to certify him to re-take the Step 2 CK exam if he obtained passing scores on two NBME self-assessments, but Dean Tilleman later agreed to accept one passing NBME score and one passing score on a USMLE World exam, and Plaintiff submitted those two passing scores. *Id*. This argument grossly mischaracterizes the record in the following two respects.

First, Plaintiff's assertion that he submitted a "high passing score" on the NBME self-assessment that he reported to Dean Tilleman in October 2013 ignores the undisputed fact that the score – by his own admission – was not valid. Plaintiff conceded at his deposition that even

1

he "did not trust [that] score" because "it was too high" relative to all his prior NBME scores, and was skewed because it was an exam he "already had taken in the past." Pl. Dep. (Ex. 1 to Pl. Opp.) at 67:17-22; Pl.'s Adm. (R3's Ex. A), Nos. 80-83. It is undisputed that Dean Tilleman did not view this "high passing score" as valid for that reason, *id*., Nos. 84-85, as well as the fact that she could not determine whether Plaintiff had taken the exam "open book" or untimed, or both. Tilleman Dep. (Ex. K) at 46:15-22. Simply put, even assuming the parties agreed that Plaintiff needed to submit only one passing NBME self-assessment, the fact remains that it had to be a **valid** passing score, and it is undisputed that Plaintiff never submitted one. Plaintiff's opposition to R3's motion for summary judgment fails on this basis alone.

Second, Plaintiff's assertion that Dean Tilleman agreed "to allow [him] to submit … a passing score on the USMLE World practice examination in place of one of the NBME self-assessment exam scores" (Pl. Opp. at 2, ¶ 6) rests upon an egregious mischaracterization of the record. Plaintiff cites pages 67-69 of his own deposition testimony, which does **not** say what Plaintiff claims it does. To the contrary:

- Plaintiff testified that after he submitted the obviously questionable NBME self-assessment score, Dean Tilleman agreed to look at a USMLE score only as a way of assessing the validity of that NBME score – i.e., as a way of determining whether the NBME score could be counted as one of the two passing NBME scores that were required under the academic plan – **not** as a substitute for a passing NBME score. Pl. Dep. (Ex. 1 to Pl. Opp.) at 68:8-10 ("It was a tool for her to see whether that score that I received on my previous NBME self assessment was valid or not.").

- Plaintiff also conceded that he could not say whether Dean Tilleman used the USMLE World as a valid tool for assessing a student's readiness to sit for the USMLE itself. *Id*. at 69:13 ("I can't say what she thinks" about that.).

- Plaintiff further conceded that Dean Tilleman never said that she would accept the results of a USMLE World exercise as a basis on which she would certify Plaintiff to take the USMLE exam; rather, he "**assumed** she would … ." *Id*. at 74:21-22 (emphasis supplied).

Plaintiffs' own, self-serving deposition testimony thus fails to support his assertion that Dean Tilleman agreed to accept a passing score on the USMLE exercise as the equivalent of a passing score on the NBME self-assessment exam. For this reason as well, Plaintiff's opposition to R3's motion for summary judgment is entirely without merit.

R3 EDUCATION, INC.,

/s/ Elizabeth H. Kelly
Daryl J. Lapp (BBO #554980)
  daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO #672277)
  liz.kelly@lockelord.com
Katherine A. Guarino (BBO #681848)
  katherine.guarino@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

September 28, 2015

## CERTIFICATE OF SERVICE

On September 28, 2015, I caused the foregoing document to be filed electronically using the CM/ECF system, which effected service upon all counsel of record.

/s/ Elizabeth H. Kelly
Elizabeth H. Kelly