UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FERNANDO CATALAN-AGUILAR<br><br>       Plaintiff,<br><br>   v.<br><br>R3 EDUCATION, INC. dba MEDICAL UNIVERSITY OF THE AMERICAS,<br><br>       Defendant. | Civil Action No. 1:14-cv-12607-GAO |

**MOTION IN LIMINE REGARDING PLAINTIFF'S CLAIMED DAMAGES**

Defendant R3 Education, Inc. ("R3") moves in limine for entry of an order precluding Plaintiff Fernando Catalan-Aguliar from introducing any evidence, or making any reference or argument concerning his purported lost career as a medical doctor. In support of its motion, R3 states as follows:

This is a breach of contract action. Plaintiff Fernando Catalan-Aguilar alleges that Medical University of the Americas ("MUA"), which is operated by R3, wrongfully dismissed him from his M.D. program at MUA when he failed to timely pass his Step 2 USMLE exams.

Plaintiff's complaint alleges that that "as a direct and proximate result of Defendant's actions, Plaintiff has lost the difference in value over a lifetime of earnings expected to be earned by a physician graduated from MUA and a person without a M.D." Complaint at ¶ 25. Plaintiff further alleges that "[a]s a direct and proximate result of Defendant's actions, Plaintiff has lost a year or more of his career and tuition he paid to MUA." Complaint at ¶ 26.

Following his dismissal from MUA, Plaintiff transferred to the Caribbean Medical University in February 2014. As Plaintiff testified at his deposition, that school also requires students to pass the Step 2 exams to graduate and requires students to pass an NBME test taken

1

at a testing center before certifying the student to sit for the Step 2 exam. Plaintiff still has not scheduled to re-take the Step 2 CK exam, nor has he yet taken the NBME test.

"Under Massachusetts law, to recover expectation damages for breach of contract the plaintiff must prove by a preponderance that an agreement existed, the agreement was breached, and the breach caused the plaintiff to suffer damages." *Gemini Investors Inc. v. AmeriPark, Inc.*, 643 F.3d 43, 48 (1st Cir. 2011). "'Contract damages are ordinarily based on the injured party's expectation interest and are intended to give him the benefit of his bargain by awarding him a sum of money that will, to the extent possible, put him in as good a position as he would have been in had the contract been performed[.]'" *Salvas v. Wal–Mart Stores, Inc.*, 452 Mass. 337, 374, 893 N.E.2d 1187, 1216 (2008) (quoting Restatement (Second) of Contracts § 347, cmt. a (1981)). Recovery is limited to the damages caused by the defendant's breach and "can be had only for loss that would not have occurred but for the breach." *Taylor v. Int'l Indus., Inc.*, 8 Mass. App. Ct. 865, 868, 398 N.E.2d 501, 503 (1979). Likewise, without causation there is no claim for breach of the implied covenant of good faith and fair dealing. *Med. Air Tech. Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 22 (1st Cir. 2002).

Plaintiff has no reasonable expectation of proving that harm occurred as a result of any alleged breach by R3. Plaintiff cannot prove that if R3 had not dismissed him he would have qualified to sit for the Step 2 CK exam, passed the Step 2 CK exam, graduated medical school, and been hired by a doctor. Over a year and a half has gone by and Plaintiff still has not demonstrated that he is prepared to take, much less that he could pass, the Step 2 CK exam. Plaintiff's claimed damages thus are entirely hypothetical, speculative and unrecoverable. *See Pierce v. Clark*, 66 Mass. App. Ct. 912, 914, 851 N.E.2d 450, 454 (2006) ("While it is true that a plaintiff need not prove damages with mathematical certainty, 'damages cannot be recovered

when they are remote, speculative, hypothetical, and not within the realm of reasonable certainty.'") Plaintiff cannot prove with any reasonable degree of certainty what is his alleged and purely hypothetical lost wages as a physician would be at any given point in time.

For these reasons, the Court should exclude from trial any evidence, testimony, references to, or argument relating to Plaintiff Fernando Catalan-Aguliar's purported lost career as a medical doctor.

R3 EDUCATION, INC.,

/s/ Elizabeth H. Kelly
Daryl J. Lapp (BBO #554980)
  daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO #672277)
  liz.kelly@lockelord.com
Katherine A. Guarino (BBO #681848)
  katherine.guarino@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
October 6, 2015                          (617) 239-0100

**CERTIFICATE OF SERVICE**

On October 6, 2015, I caused the foregoing document to be filed electronically using the CM/ECF system, which effected service upon all counsel of record.

/s/ Elizabeth H. Kelly
Elizabeth H. Kelly